[746 NYS2d 39]

In the Matter of PATRICIA M. CAVANAUGH (Admitted as PATRICIA MARIE CAVANAUGH), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 5, 2002

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Michael S. Ross,* New York City, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition and two supplemental petitions containing 25 charges of professional misconduct. Charges 1, 4, 10, 19, 20, 22, and 24 were subsequently amended, and Charge 25 was withdrawn. The respondent stipulated to almost all of the factual allegations, as amended. After a hearing, the Special Referee sustained all of the charges except Charges 1, 11, and 12. The petitioner now moves to confirm in part, and disaffirm in part, the report of the Special Referee. The respondent cross-moves to confirm in part and disaffirm in part.

Charges 2, 3, 4, and 5 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law and conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), by failing to cooperate with the lawful demands of the petitioner.

Charges 6, 10, 16, 21, and 23 alleged that the respondent neglected legal matters entrusted to her, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

Charges 7 and 13 alleged that the respondent failed to file retainer and closing statements with the Office of Court Administration, in violation of 22 NYCRR 691.20 (a) and (b).

Charges 8, 11, 12, and 19 alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or mis-

representation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Charges 9, 14, 15, 22, and 24 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charges 17, 18, and 20 alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), and/or conduct adversely reflecting on her fitness to practice law, in violation of DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced at the hearing, including the respondent's admissions, all of the charges except Charge 1 are sustained.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider her testimony regarding her personal background, the fact that she has taken full responsibility for her misconduct, the evaluation of the medical expert who examined her, her alcohol dependency and personal hardships, that her misconduct was not motivated by greed or venality, and the steps she has taken to rid herself of alcoholism.

The respondent's prior disciplinary history consists of a letter of caution and a letter of admonition.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted to the extent that Charges 2 through 24 are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part, and disaffirm in part, the report of the Special Referee is granted to the extent that Charge 1 is not sustained, and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Patricia M. Cavanaugh, is suspended from the practice of law for a period of one year, commencing September 5, 2002, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that during the said

period she (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Patricia M. Cavanaugh, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.